**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DELAWARE HARNESS RACING    :
  COMMISSION,                     :
                                  :
             Petitioner,      :
                                  :
      v.                      :  Civil Action No. 1:25-mc-0438 UNA
                                  :
HOWARD TAYLOR, JUDITH TAYLOR  :
                                  :
            Respondents.    :

**NON-PARTY DELAWARE HARNESS RACING COMMISSION'S
MOTION TO QUASH SUBPOENAS**

    **COMES NOW**, the Delaware Harness Racing Commission ("DHRC"), by and through undersigned counsel, hereby moves this Honorable Court to quash the two subpoenas pursuant to Federal Rule of Civil Procedure 45(d)(3) as the subpoenas seek privileged, confidential material and impose an undue burden on Third Party DHRC. In support of said motion, DHRC states as follows:

1.  Plaintiffs Howard Taylor and Judith Taylor (together "Plaintiffs") delivered two subpoenas to the Delaware Department of Agriculture regarding *Howard Taylor, Judith Taylor v. Jeffrey Gural*, C.A. No. 2:23-cv-04882-JHS in the Eastern District of Pennsylvania ("Taylor Litigation").

2.  The Taylor Litigation alleges, among other things, defamation, libel and tortious interference with contract.

3.  DHRC is not a party to the Taylor Litigation.

1

4. Plaintiffs' first subpoena is for testimony directed to the DHRC to testify at a deposition on November 12, 2025 at 10:00 am in Wilmington, Delaware. Notably, Plaintiffs failed to provide a schedule of deposition topics in accordance with Rule 30(b)(6).[1]

5. Plaintiffs' second subpoena is for production of documents is directed to the DHRC to produce documents on November 4, 2025 at 10:00 am to Plaintiffs' counsel.[2]  Plaintiffs are seeking:

   a. All Documents and Communications concerning the denial of Howard Taylor's application for a license to participate in harness racing in the State of Delaware. The relevant timeframe for this request shall be January 1, 2022 to present.[3]

   b. All Documents and Communications concerning Howard Taylor being banned or otherwise limited from participating in any harness racing horse races scheduled to be held in the State of Delaware, or horse racing generally in the State of Delaware. The relevant timeframe for this request shall be January 1, 2022 to the present.[4]

   c. All Documents and Communications relating to the ban of Howard Taylor and/or Judith Taylor from racing at the Meadowlands Racetrack and/or the Banning Racetracks. This request includes, but is not limited to, Document and Communications relating to Howard Taylor or Judith Taylor racing, or being banned from racing at, any race scheduled to be held at the Meadowlands Racetrack and/or any of the Banning racetracks. The relevant timeframe for this request shall be January 1, 2022 to the present.[5]

   d. All Documents and Communications between the Delaware Harness Racing Commission, on the one hand, and Jeffrey Gural or any person or entity acting on his behalf (including, but not limited to, Brice Cote), and/or any person or entity acting on behalf of one of the Banning Racetracks and/or New Meadowlands Racetrack LLC, on the other hand. The relevant timeframe for this request shall be January 1, 2022 to the present.[6]

   e. All Documents and Communications relating to the following statement made by Jeffrey Gural in the October 10, 2025 Harness Racing Update, at page 18: "That information was provided to all of the state regulators who until recently ignored it, but fortunately Delaware hired Robert Schiewe who seems to actually care about

---

[1] *See* Subpoena, attached hereto as Exhibit A.
[2] *See* Subpoena, attached hereto as Exhibit B.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*

cleaning up the sport." *See Open Letter from Jeff Gural To the Industry*, Harness Racing Update, October 10, 2025, at 18, available at https://www.harnessracingupdate.com/pdf/hru/hru101025.pdf. The relevant timeframe for this request shall be January 1, 2022 to the present.[7]

6.  It should be noted that Plaintiff Howard Taylor is engaged in pending litigation DHRC, including an administrative hearing ("Administrative Litigation") and a Writ of Mandamus in Superior Court ("Writ Litigation").[8]

7.  The Administrative Litigation results from Plaintiff Howard Taylor's appeal of a denial of an application of a harness racing license.

**Legal Standard for Rule 45 and Third Party Subpoenas**

8.  "The serve-and-volley of the federal discovery rules govern the resolution of" a motion to quash. *Mycogen Plant Sci., Inc. v. Monsanto Co.,* 164 F.R.D. 623, 625 (E.D.Pa.1996). The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil Procedure 26(b)(1). *Id.* at 625–26; *see also Zukoski v. Phila. Elec. Co.,* 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994) (noting the "standards for non-party discovery require a stronger showing of relevance than for party discovery.")

9.  Next, the burden shifts to the subpoenaed nonparty who must show that disclosure of the information is protected under Rule 45(d)(3)(A) or (B) *Id.* at 626. If the subpoenaed nonparty claims the protections under Rule 45(d)(3)(B) or asserts that disclosure would subject it to undue burden under Rule 45(d)(3)(A), it must show that disclosure will cause it a "clearly defined and serious injury." *City of St. Petersburg v. Total Containment, Inc.,* 2008 WL 1995298, at *2 (E.D.Pa. May 5, 2008).

---

[7] *See* Ex. B.
[8] *See* Administrative Appeal, attached hereto as Exhibit C*; see also* Docket for Writ of Mandamus, attached hereto as Exhibit D.

10. If the subpoenaed nonparty demonstrates a "clearly defined and serious injury" for a claim of undue burden under Rule 45(d)(3)(A), the Court conducts a balancing test in which it weighs the subpoenaing party's interest in disclosure and the subpoenaed nonparty's interest in non-disclosure to determine whether the burden on the subpoenaed nonparty is, in fact, undue. *See In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 239 (2014).

11. This balancing test requires a Court to weigh (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty. *Id. citing Mannington Mills, Inc. v. Armstrong World Indus., Inc.* 206 F.R.D. 525, 529 (D.Del.2002) ("even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit."). A court should be "particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty." *See In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 239 (2014) *citing Fears v. Wilhelmina Model Agency, Inc.,* Case No. 02–cv–4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).

12. If the subpoenaed nonparty demonstrates a "clearly defined and serious injury" for a claim of protection under Rule 45(d)(3)(B), an additional step is required.[9]  The burden shifts to the subpoenaing party to show a substantial need for the testimony or material that cannot be otherwise met without undue hardship and demonstrate "that the subpoenaed [nonparty] will be reasonably compensated."[10]  If the subpoenaing party makes this showing of substantial need, the Court then weighs the interests in the disclosures.[11]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*

13. As an initial matter, Plaintiffs have failed to show that their requests to DHRC are relevant to their claims in the Taylor Litigation. The Taylor Litigation alleges defamation, libel and tortious interference with contract against Defendant Gural. Plaintiffs' subpoena instead casts a wide net seeking information regarding Plaintiffs' own licensing and other communications with DHRC as well as Defendant's communications with DHRC, none of which are relevant to Plaintiffs' claims in the Taylor Litigation.

**The information sought from DHRC is protected by the investigatory privilege.**

14. To the extent DHRC has responsive documents, the documents contain statements made in connection with an investigation conducted by DHRC regarding Plaintiff Taylor. As such, nothing contained in the investigative file is disseminated to any other parties, including Plaintiff Taylor. Moreover, the files maintained by DHRC are confidential investigative files. To the extent that any responsive statements are contained in the file, the statements were made in confidence and remain confidential. To rule otherwise would create a chilling effect on the investigative process and hinder DHRC's ability to perform its duties.

15. Furthermore, there is a longstanding privilege exempting governmental agencies or officials from disclosure of general material in their files at the instance of parties in private litigation. *See Morris v. Avallone*, 272 A.2d 344, 347 (Del. Super. 1970); *see also Shetayh v. State Farm Fire and Casulty Co.*, 2020 WL 6817325, at *3 (E.D. Pa. Nov. 20, 2020) (holding that investigative information is 'confidential'). Governmental agencies hold information in a special capacity and should not be compelled to produce the secrets of one citizen for the benefit of another. *Morris*, 272 A.2d at 347

16. Civil parties should not be able to rummage through the governmental agency files which are prepared and maintained for the special purposes in the public interest in the hope that

plaintiffs may receive some windfall of evidence.[12]  It is well established that a qualified governmental privilege exists in the common law for material obtained for use in prosecutions by the attorney general. *Atamian v. Bahar*, 2022 WL 264533, at *1 (Del. Super. Feb. 22, 2022) (quashing subpoena for investigatory file of the Division of Professional Regulation) *citing Williams v. Alexander*, 1999 WL 743082, at *1 (Del. Super. 1999 June 29, 1999).  Courts are to weigh the competing interests of the State and the party seeking the information when presented with the governmental privilege.[13]

17. In this case, Plaintiff Taylor applied for a harness racing license.  Upon completion of the investigation, Plaintiff Taylor was denied a harness racing license.  That file was turned over to the Delaware Attorney General's Office for review and legal representation. Plaintiff has also sought a write of mandamus relating the to the appeal process of license denial.  Therefore, the common law investigatory privilege applies as there is ongoing litigation resulting from the denial of Plaintiff's harness racing license and the subpoenas must be quashed.

18. Importantly, Plaintiffs will receive responsive documents at the administrative hearing which is currently scheduled for November 18, 2025.

19. If this Court allows production of documents or a witness prior to the administrative hearing occurring, it will force DHRC to treat Plaintiff Taylor differently than DHRC treats other parties before it.  Plaintiff Taylor is receiving due process from DHRC, just as other parties before DHRC receive.  Plaintiff's Taylor's separate litigation should not circumvent the administrative process and require special treatment to Plaintiff Taylor.

**The information sought is an undue burden on DHRC because of ongoing litigation pending between Plaintiff Taylor and DHRC.**

---

[12] *Id.*
[13] *Id.*

20. Plaintiffs' subpoenas seek production and a deposition before the administrative hearing proceeds on November 18, 2025.  DHRC's interest in protecting the administrative process is outweighed by the need of Plaintiff to have the documents or testimony prior to the administrative hearing.  The subpoenas at issue subvert the ongoing administrative process that is pending before DHRC.

21. Neither the Administration Litigation nor the Writ Litigation, at this time, permit parties to obtain discovery.

22. Plaintiffs' subpoenas are a fishing expedition intended to elicit information for Plaintiffs'' advantage in the Administrative and Writ Litigations.  Plaintiffs are misusing third-party subpoenas in private civil litigation to circumvent the discovery-limited civil processes that Plaintiff has chosen to challenge his own personal licensing issues.  This Court should quash the subpoenas to avoid subversion of the Administrative and Writ Litigations.

23. In addition, given the ongoing Administrative and the Writ Litigations, any testimony by anyone at DHRC would be covered by the investigatory privilege and attorney/client privilege.

24. Regarding the written information requested, DHRC is not an owner, controller, or regulator for the Meadowlands Racetrack or the Banning Racetracks.  Those racetracks are located outside of Delaware and outside of the jurisdiction and purview of the DHRC. Moreover, Defendant Jeffrey Gural is not employed by DHRC.  In short, the documents are more accessible to other more convenient sources, specifically Defendant Jeffrey Gural, the named Defendant in the Taylor Litigation.

25. To the extent that this Court denies the motion to quash, DHRC requests that production of documents or a witness be delayed until at least two weeks following the administrative hearing in this matter.

**WHEREFORE**, DHRC respectfully requests the Court quash the subpoenas for the reason set forth herein.

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**
>
> _/s/Lynn Kelly_
> Lynn Kelly (#4560)
> Deputy Attorney General
> Carvel State Office Building
> 820 N. French St., 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> _Attorney for Non-party Delaware Harness Racing Commission_

Dated: October 29, 2025